Willis *v.* Louderback.

W. C. WILLIS *et al. v.* J. C. LOUDERBACK *et al.*

EVIDENCE. *Record.* It is error to permit a decree in another cause to be read in evidence, when objection is made upon the ground that the entire record should be produced, especially when the record is essential to make out the plaintiff's case.

### FROM HAWKINS.

Appeal in error from the Circuit Court of Hawkins county. W. L. DICKSON, Sp. J.

J. A. McKINNEY and McDERMOTT & KYLE for Willis.

F. M. FULKERSON for Louderback.

MCFARLAND, J., delivered the opinion of the court.

This was an action to recover of the sureties of J. M. Hord, as special commissioner, the share of the plaintiffs in the proceeds of the sale of certain lands sold by Hord under a decree of the circuit court of Hawkins county, which money it is alleged that Hord collected and failed to pay over. There was judgment for the plaintiffs, and the defendants have appealed in error.

The plaintiffs read in evidence a decree of the circuit court in the cause, in which it is said the land was sold, which purports to be the final decree, which shows that the purchase money had been paid, and directs the clerk to retain the costs, and also to pay a solicitor's fee out of the fund and distribute the residue, to use the language of the decree, "as heretofore directed." The reading of this decree was objected to, upon the ground that the entire record of the cause was not produced or accounted for, but the objection was overruled. It is conceded by the counsel for the plaintiffs below, that in general it is error to admit parts of a record of another cause without producing or accounting for the entire record, when objection is taken upon that ground. *Carrick* v. *Armstrong*, 2 Cold., 265; *Lewis* v. *Bullard*, 3 Hum., 207. It is insisted, however, that this case falls within an exception to the general rule, that is, where the decree is introduced simply to prove the fact of its existence, and to show, in this case, that

there had been an order to pay out the fund, so as to fix a date from which to calculate interest.

But it seems to us that the record of the former was necessary evidence to make out the case of the plaintiffs, which was, that the land had been sold by a decree of the court, and that the plaintiffs were entitled, by the decrees in the cause, to part of the proceeds, which had been collected and not paid to them. The plaintiffs, it is true, introduced the will of Louderback giving to the plaintiffs an interest in the land and also proof of their identity; but still, as the land was sold by a decree of the circuit court, the distribution of the proceeds was subject to the dec of that court, and, without the entire record of the court, it cannot be seen whether, by the decrees in the cause, the plaintiffs were entitled to a share or what that share was.

There was, therefore, error in the action of the court. The cause was tried without a jury, and, in general, in such cases we render final judgment here, but where we can see that there is other evidence necessary to the attainment of justice, we remand for another trial.

Reversed and remanded for a new trial.